**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | I.D. No. 0311009491A |
| v. | ) | |
| | ) | |
| MICHAEL D. CHAMBERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: September 21, 2015
Decided:  December 16, 2015

On Defendant's Fourth Motion for Postconviction Relief.
**DENIED.**

# ORDER

Brian J. Robertson, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Michael D. Chambers, State Correctional Institution of Albion, Albion, Pennsylvania, *pro se*.

COOCH, R.J.

This 16th day of December, 2015, upon consideration of Defendant's Fourth Motion for Postconviction Relief, it appears to the Court that:

1.      On September 26, 2006, Michael D. Chambers ("Defendant") was found guilty of Possession of Cocaine with Intent to Distribute; Use of a Dwelling to Keep Controlled Substances; Possession of a Non-Narcotic Controlled Substance; and Possession of a Firearm During the Commission of a Felony.[1]

---

[1] *Chambers v. State*, 2008 WL 590897, at *1 (Del. Mar. 5, 2008) (TABLE).

Defendant was sentenced under 11 *Del. C.* § 4214(a) as a habitual offender to 25 years at Level V with 3 years of decreasing supervision to follow.[2] Following his sentencing, Defendant appealed this Court's denial of his motion for a new trial or judgment of acquittal to the Delaware Supreme Court. The Delaware Supreme Court affirmed the denial on March 5, 2008, finalizing his judgment of conviction.[3]

2.    Defendant filed three previous motions for postconviction relief.[4] Each of Defendant's previous motions have been denied by this Court. Defendant has now filed a Fourth Motion for Postconviction Relief ("Motion"), claiming that he received an "illegal sentence."[5] Specifically, Defendant asserts that he cannot be sentenced under 11 *Del. C.* § 4214(a), because the "statute violates the fifth [sic] amendment [sic], as th[at] criminal law is unconstitutionally vague."[6] Defendant argues that the decision in *Johnson v. U.S.* invalidates his sentence.[7] Defendant contends that *Johnson* held sentencing a defendant under the residual clause of the Armed Career Criminal Act violates the Due Process Clause of the Fifth Amendment. Therefore, his sentence as a habitual offender also violates due process and he is entitled to relief.[8]

3.    Defendant's Motion is controlled by Superior Court Criminal Rule 61.[9] Before addressing the merits of this Motion, the Court must address any procedural requirements.[10]

---

[2] *Chambers v. State*, 2008 WL 590897, at *1-2 (Del. Mar. 5, 2008) (TABLE).

[3] *Chambers v. State*, 2008 WL 590897, at *4 (Del. Mar. 5, 2008) (TABLE).

[4] D.I. 63, 71, 79.

[5] Def's. Fourth Mot. for Postconviction Relief, at 3.

[6] *Id.*

[7] 135 S.Ct. 2551, 2563 (2015).

[8] Since Defendant was sentenced as a habitual offender under a state statute, the Due Process Clause of the Fourteenth Amendment applies and not the Due Process Clause of the Fifth Amendment. *Compare Johnson*, 135 S.Ct. 2551, 2563 (2015) (holding that a federal law was unconstitutionally vague under the Due Process Clause of the Fifth Amendment), *with Kolender v. Lawson*, 461 U.S. 352, 353-54 (1983) (holding a state statute is unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment).

[9] Super. Ct. Crim. R. 61.

[10] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

4.    Under Rule 61(i), a motion for postconviction relief can be procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.[11]  If a procedural bar exists, the Court will not consider the merits of the postconviction claim unless the Defendant can show that, pursuant to Rule 61(i)(5), the procedural bars are inapplicable.

5.    Rule 61(i)(5), provides for consideration of otherwise procedurally barred claims in two different situations.  First, when a defendant pleads with particularity that there is new evidence that creates a strong inference that the defendant is actually innocent.[12]  Second, when the defendant pleads with particularity that a new rule of constitutional law that has been made to apply retroactively on collateral review by the United States Supreme Court or the Delaware Supreme Court renders the defendant's conviction or death sentence invalid.[13]

6.    Defendant's Motion is time-barred pursuant to Rule 61(i)(1). [14] Defendant's Motion was filed more than 1 year after Defendant's judgment of conviction.  Defendant's judgment of conviction became finalized on March 5, 2008.  Defendant filed this Motion on August 31, 2015, almost seven-and-a-half years after his judgment of conviction became final.

7.    However, Defendant does plead with particularity that a new rule of constitutional law renders his sentence invalid.  Nevertheless, Defendant's reliance on *Johnson* is misplaced.  The defendant in *Johnson* was sentenced under the federal Armed Career Criminal Act of 1984 ("Act"),[15] which imposes greater penalties for repeat offenders.  Under the Act, a defendant faces a more severe punishment if he has three or more convictions for a "violent felony."[16]  A violent felony is defined, in part, as any "conduct that presents a serious potential risk of physical injury to

---

[11] Super. Ct. Crim. R. 61(i)(1)-(4).
[12] Super. Ct. Crim. R. 61(d)(2)(i).
[13] Super. Ct. Crim. R. 61(d)(2)(ii).
[14] *See* Super. Ct. Crim. R. 61(i)(1) (barring postconviction motions filed more than 1 year after judgment of conviction is final);  *Felton v. State*, 2008 WL 308231, at* 2 (Del. Feb. 1, 2008) (TABLE) (measuring the start of the filing period for a Rule 61 motion from the date the direct Supreme Court mandate was issued and direct appeal process concluded).
[15] 18 U.S.C. § 924.
[16] 18 U.S.C. § 924 (e)(1).

another."[17]  This language in the Act is known as the "residual clause."

8.     The United States Supreme Court held that sentencing a defendant under the residual clause violates the defendant's right of due process, because the language in the Act is vague.  A statute is void for vagueness when it fails to give a person of ordinary intelligence notice or "it is so indefinite that it encourages arbitrary and erratic" outcomes.[18]  The Court stated:

> The [sentencing] court's task goes beyond deciding whether creation of risk is an element of the crime. That is so because, unlike the part of the definition of a violent felony that asks whether the crime 'has *as an element* the use ... of physical force,' the residual clause asks whether the crime '*involves conduct*' that presents too much risk of physical injury.[19]

Therefore, the Court held "that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."[20]

9.     Delaware's habitual offender statute does not have the same wide-ranging inquiry as its federal counterpart.  The language of 11 *Del. C.* § 4214 under which Defendant was sentenced states, "[a]ny person who has been 3 times convicted of a felony, other than those which are specifically mentioned in subsection (b) of this section, . . . is declared to be a habitual offender."[21]

10.    Under 11 *Del. C.* § 4214(a), there is very little room for arbitrary judicial enforcement or denial of fair notice to the defendant.  Felonies are statutorily defined.  There is no judicial discretion

---

[17] 18 U.S.C. § 924 (e)(2)(B)(ii). The United States Supreme Court notes in *Johnson* that the Act also includes four enumerated crimes and states that decision does not call the constitutionality of that part of the Act into question. *Johnson*, 135 S.Ct. at 2563 ("Today's decision does not call into question the application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

[18] *Costa v. Pitkins*, 2010 WL 4054302, at 2 (E.D. Pa. Sept. 28, 2010).

[19] *Johnson*, 135 S.Ct. at 2557 (emphasis in original).

[20] *Id.*

[21] 11 *Del. C.* § 4214(a).

that would allow a judge to determine that one charge against one defendant is a felony, but that same charge against another defendant is not a felony. Furthermore, once a defendant is convicted of a felony, he has notice that he is a felon. The defendant looses the right to possess a firearm, vote, hold public office, serve on a jury, and is be disqualified from certain jobs in both the public and private sector. Therefore, Delaware's habitual offender statute is not unconstitutionally vague, because there is no judicial discretion that would encourage arbitrary and erratic outcomes, and a defendant has notice before he is determined to be a habitual offender that he has a felony conviction.

Therefore, since Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc:     Prothonotary
cc:     Investigative Services

5